SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF NEW YORK

| | |
|---|---|
| Tinashe Mudiwa, Individually and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>Williams & Fudge, Inc.,<br><br>                Defendant. | Index No.:<br>Date Purchased:<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br><br>**CPLR §503(a):** Plaintiff's principal place of business and residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

     **YOU ARE HEREBY SUMMONED**, to complaint in this action and to serve a copy of your answer, or, if the compliant is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       October 13, 2021

                                                Yours, etc.,

                                         **SANDERS LAW GROUP**

TO:   WILLIAMS & FUDGE, INC.             By: */s Kara S. McCabe*
       300 Chatham Avenue                     Kara S. McCabe, Esq.
       Rock Hill, SC 29730                        Jonathan M. Cader, Esq.
                                              Craig B. Sanders, Esq.
                                              100 Garden City Plaza, Suite 500
                                              Garden City, New York 11530
                                              Email:kmccabe@sanderslaw.group
                                              Tel: 516-203-7600 ext. 3233
                                              Fax: 516-282-7878
                                              File No.: 122074
                                              *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF
<u>NEW YORK COUNTY OF NEW YORK</u>

| | |
|---|---|
| Tinashe Mudiwa, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Williams & Fudge, Inc.,<br><br>Defendant. | Index No:<br><br><br>**CLASS ACTION COMPLAINT** |

Tinashe Mudiwa, Individually and on behalf of others similarly situated, (collectively "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Williams & Fudge, Inc. ("*Defendant*"), as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff Tinashe Mudiwa is an individual who is a citizen of the State of New York residing in New York County, New York.

3. Plaintiff is a natural person allegedly obligated to pay a debt.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Upon information and belief, Defendant Williams & Fudge, Inc., is a South Carolina Corporation with a principal place of business in York County, South Carolina.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

6. Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

7. The purpose of the FDCPA is to protect consumers from deceptive or harassing

2

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir. 2014); *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006).

8.  The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).

9.  A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

10. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendant's business is the collection of such debts.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant uses the mails in its debt collection business.

15. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

3

21. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letters including the letter dated October 14, 2020 (the "Letter"). (A true and accurate copy is annexed hereto as "**Exhibit 1**").

22. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

23. The Letter conveyed information regarding the alleged Debt.

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The Letter was received and read by Plaintiff.

26. Plaintiff has been misled by Defendant's actions.

27. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

28. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

29. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

30. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

31. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

32. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

35. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

36. To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

37. To comply with the FDCPA, the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will pay the account in full and therefore the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

38. To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the amount of the debt to increase.

39. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

40. The amount of the alleged Debt was increasing at the time it was assigned or otherwise transferred to Defendant for collection.

41. The amount of the alleged Debt was increasing at the time Defendant sent Plaintiff the Letter.

42. The amount of the alleged Debt was increasing at the time Plaintiff received the Letter.

43. The Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing or include the *Avila* disclaimer. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016).

44. As a result of such failure, Defendant did not clearly, accurates, and without ambiguity convey, from the perspective of the least sophisticated consumer, that the amount of the alleged Debt may increase.

45. As a result of such failure, Defendant did not clearly, accurate, and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

46. For the foregoing reasons, Defendant also violated 15 U.S.C. §§ 1692g(a)(1) and is liable to Plaintiff therefor

## SECOND COUNT

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

50. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

52. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

53. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

54. A statement of an amount due, without notice that the amount may increase, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account.

55. For this reason, 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase or to state that payment of a sum certain by a specified date will fully satisfy the debt.

56. The failure to provide the aforementioned disclosures makes the collection letter deceptive under 15 U.S.C. § 1692e.

57. The amount of the alleged Debt was increasing at the time it was assigned or otherwise transferred to Defendant for collection.

58. The amount of the alleged Debt was increasing at the time Defendant sent Plaintiff the Letter.

59. The amount of the alleged Debt was increasing at the time Plaintiff received the Letter.

60. The Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing.

61. The Letter fails to advise Plaintiff that payment of a sum certain by a specified date will fully satisfy the debt.

62. For the foregoing reasons, Defendant also violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

63. Plaintiff brings claims, pursuant to the Civil Procedure Law & Rules (hereinafter "CPLR") Article 9, individually and on behalf of the following consumer classes (the "Class") consisting of:

64. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

65. Plaintiff seeks to certify the following class:

   a. All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

66. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

67. The Class consists of more than thirty-five persons.

68. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

69. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

70. Plaintiff will fairly and adequately protect and represent the interests of the Class.

The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

71. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and
b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;
c. Finding Defendant's actions violate the FDCPA; and
d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and
e. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and;
f. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and
g. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: October 13, 2021

By: /s Kara S. McCabe
Kara S. McCabe, Esq.
**SANDERS LAW GROUP**
*Attorneys for Plaintiff*
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email:kmccabe@sanderslaw.group
Tel: 516-203-7600 ext. 3233
Fax: 516-282-7878
File No.: 122074

**Williams & Fudge**
1-800-551-5772

| | |
|---|---|
| Consumer Name | Tinashe Mudiwa |
| Williams & Fudge ID | ▮7320 |
| Williams & Fudge Pin | ▮ |
| Notice Date | 10/14/2020 |
| Notice ID | 8513 |

| Current Creditor | Total Outstanding Balance for the Account Listed Below |
|---|---|
| Dominican College | $3,363.18 |



### CONTACT / PAYMENT OPTIONS

| Pay Online | Pay by Phone | Pay by Mail | Agent Information |
|---|---|---|---|
| wfpayaccounts.com | 800-551-5772 | Williams & Fudge, Inc.<br>P.O. Box 11590<br>Rock Hill, SC 29731 | Jeff Zuccola<br>jzuccola@wfcorp.com<br>803-326-1402 |

RE: Tinashe Mudiwa

The below-referenced account has been placed with our office for collection.
In order to clear this outstanding debt, we suggest that you contact our office or use one of the various payment methods listed.
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Account Details | |
|---|---|
| Dominican College | |
| Account Reference (Last 4 Characters) | |
| | ▮ |
| Principal | $3,238.00 |
| Interest | $125.18 |
| Total Outstanding Balance | $3,363.18 |

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

New York City Department of Consumer and Worker Protection (formerly the Department of Consumer Affairs) License Number: 1074538
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
a) the use or threat of violence;
b) the use of obscene or profane language; and
c) repeated phone calls made with the intent to annoy, abuse, or harass.
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: